# CASES

## FIRST DISTRICT

# APPELLATE COURT OF ILLINOIS

## DURING THE YEAR 1902.

---

### Herman Brimmer v. Illinois Central Railroad Co.

1. RAILROADS—*Not Required to Exercise the Highest Degree of Care Toward Persons Not Passengers.*—Where there is no relation of carrier or passenger and no contractual relation exists between a railroad company and a person injured, the company is not held to the highest degree of care toward such person.

2. SAME—*Prima Facie Case of Negligence.*—Where a passenger without fault on his part is injured by an accident, proof of the fact makes out a *prima facie* case of negligence against the carrier and the burden is on the latter to prove itself not guilty.

3. VERDICTS—*When the Jury Are Properly Instructed to Find for the Defendant.*—In an action for personal injuries resulting from the negligence charged in the plaintiff's declaration, where there is no evidence tending to show negligence on the part of the defendant, the jury are properly instructed to find him not guilty.

**Trespass on the Case,** for personal injuries. Error to the Circuit Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed March 18, 1902.

CRATTY, JARVIS & CLEVELAND, attorneys for plaintiff in error.

W. A. HOWETT, attorney for defendant in error; J. G. DRENNAN, of counsel.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is an action for personal injury. At the conclusion of the plaintiff's evidence the court, at the request of the defendant's attorney, directed the jury to find the defendant not guilty. It is contended that in this the court erred.

The plaintiff was employed as a brakeman by the Michigan Central Railroad Company, and was at the time of the accident engaged in performing his duties as such brakeman upon a freight train operated by said company. The trains of the Michigan Central Railroad Company, including the train upon which plaintiff was employed, after leaving Kensington, entered the city of Chicago over tracks owned by the Illinois Central Railroad Company. October 18, 1898, while the plaintiff's said train was passing north over one of these tracks known as No. 6, a transfer train of about eighteen cars operated by the defendant and loaded with rails was being pushed in the opposite direction over track 5, west of and adjacent to said track 6. When the two trains upon these adjacent and parallel tracks were abreast of each other at a point where there was a switch —what is called a Y—by which cars could cross from track 6 to track 5 and thence to track 4 in a northwesterly direction, the south truck of a car near the middle of the defendant's train on track 5 took the wrong side of the " frog " at this switch, or was otherwise derailed, and struck the waycar of the Michigan Central train upon track number 6, causing the plaintiff to fall from the top of the said waycar upon which he was riding, thus inflicting the injury for which he sues to recover.

The declaration charges the defendant with negligence in maintaining its track and operating its train, in failing to provide a good and safe road bed and keep the track over which plaintiff was riding clear from obstruction, in permitting the use of old, weak, worn out, loose and insecure rails and frogs, and in operating a very long train improperly loaded and using an old worn-out and unfit car. Evidence was introduced in behalf of the plaintiff tending

to show that the frog or switch was defective, but no attempt was made to prove the negligence in other respects charged in the declaration.

It is contended that the court erred in directing a verdict for the defendant because it is said, first, the mere fact that the defendant's car was derailed was evidence of negligence; that the case, in other words, is one where the doctrine of *res ipsa loquitur* applies; and, second, that there was evidence tending to show that the car and frog of the switch was out of repair, and that the derailment was attributable to the negligence of the defendant in failing to keep these in repair.

We are unable to agree with the plaintiff's attorneys in the contention that the doctrine *res ipsa loquitur* is applicable to the facts disclosed by the evidence in this case. It is to be borne in mind that there is here no relation of carrier or passenger, and no contractual relation between the plaintiff and the defendant. The defendant in this case was not held to the highest degree of care toward the plaintiff. There are cases in which it is evident, without the aid of legal distinctions, that the mere fact of the occurrence of an accident indicates negligence on the part of those responsible for its cause. In such cases the accident speaks for itself. In other words, the accident is one which, in the ordinary course of events, without some absence of due care, ought not to happen; and when it does happen the burden is put upon the party responsible for such care to show, if he seeks to escape liability, that it was not the result of his negligence. The present is not such a case. Trains ought not to leave a track, but they do, in spite sometimes of all the precautions adopted on well-managed railroads. One of plaintiff's witnesses, a conductor of large experience, testifies that he had had cars jump the tracks at switches as well as other places. An obstruction on the track over which a wheel passes, flange or rail breaking without warning, or in extremely cold weather, and perhaps other and sometimes unknown causes are not infrequently reported as occasioning accidents of this char-

acter. It is evident that such occurrences are possible where no apparent negligence exists. If a passenger, without fault on his part, is injured by such accident, proof of the fact makes out a *prima facie* case of negligence against the carrier, and the burden is on the latter to prove itself not guilty. (P., C. & St. L. Ry. Co. v. Thompson, 56 Ill. 138–141; P. P. & J. R. R. Co. v. Reynolds, 88 Ill. 418–420.) But this is not the rule applicable in cases like the present.

It is, however, contended by plaintiff in error that there is "evidence tending to show that the car and track were in bad repair, to which the cause of this accident may be attributed." Something more than mere conjecture is required to make out a case of negligence. The evidence thus relied upon is to the effect that the "frogs" at the intersection of the switch with the main tracks had been in use there about three years, with from twelve to fifteen hundred cars passing over it daily; and it is said the presumption is reasonable that this amount of usage "would wear and jam the point" of the frog. But the amount of such wear and tear must, of course, depend upon the degree of friction which the frog in question had been exposed to from such usage of the track, and that does not appear. One witness testified that when a "frog" is new the two rails are so fitted as to come together with a sharp point, and that the "frog" at or near the point where the car left the rail was "worn back about four inches, not all taken away for four inches back;" in other words, that the first four inches was worn somewhat. The evidence urged as showing that the cars were in bad order is from the same witness, who states that he noticed a "growling or squeaking" caused, he says by trucks rubbing on the side of the rail as the train was passing, a moment or two before the accident. There is no other evidence that the cars were not in good condition, or that the track was in bad order.

Says plaintiff's counsel, "We submit that the report of the witness Sheehan is sufficient alone to convict the defendant of negligence." The material part of this report is as follows:

" Track in good condition. No apparent cause for derailment as far as track was concerned. Derailment occurred on a No. 7 double slip switch, rigid frogs, which took wrong side of point."

The same witness states on cross-examination that the frog was in good condition, needing no repairs, that none were made and that it showed no unusual wear. This cross-examination upon the subject-matter of the report was entirely competent, and even if it should be considered, as plaintiff's attorneys contend it ought to be, that the accident in the present case was of such a nature as to raise *prima facie*, a presumption of negligence on the part of the railroad company, yet where it is shown as a part of the plaintiff's case that the track and the " frog " complained of were in good condition, and in daily use, before and after the derailment, traversed by numerous cars without accident, and that a part of the train, one car of which was derailed, had just passed safely over, such presumption would be considered overcome, and the inference would seem to be that the derailment occurred from some other or latent cause. See I. C. R. R. Co. v. Phillips, 55 Ill. 194–199. The burden of proving negligence must still be on the plaintiff. In this we agree with the trial court that the plaintiff has not succeeded.

We have carefully considered the many objections urged to the rulings of the court upon the admission and rejection of evidence. It may be that in some respects these objections are well taken, but we are nevertheless of the opinion that the alleged errors complained of are not of controlling importance and do not constitute ground for reversal.

An effort was made to introduce testimony to show that an accident had occurred at or near the same place six months before. We think the objection thereto was properly sustained. The mere fact, if such was the fact, that there had been a previous derailment so long before, the tracks and switch being meanwhile in daily use, was not competent. It was too remote. The alleged former accident might have been due to entirely different causes, hav-

ing no relation whatever to the frogs or switches or condition of the track. The fact that these last had meanwhile remained unchanged, would not tend to show that their condition had been responsible for the alleged previous derailment. To make the testimony competent it must appear that both accidents occurred under conditions such as would tend to show the cause to have been the same in each case.

Inasmuch as there is no evidence tending to show negligence on the part of the defendant, the jury were properly instructed to find the latter not guilty. Boyle v. I. C. R. R. Co., 88 Ill. App. 255–257.

The judgment of the Circuit Court must be affirmed.