GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v.
E. SCHAFERMEYER ET AL.

Decided March 11, 1903.

**Carrier of Passengers—Loss of Baggage—Connecting Lines.**

Where a passenger's trunk was checked, on a through ticket, over three connecting lines, proof that at the time it was received, at destination, from the third line, it had been opened and articles abstracted therefrom, would not warrant a judgment against the second (intermediate) line for the value of the articles, there being no proof as to where the loss occurred, and the trunk having also been handled, before plaintiff's discovery of the loss, by a transfer company acting as plaintiff's agent.

Appeal from the District Court of Webb.    Tried below before Hon. A. S. McLane.

*Baker, Botts, Baker & Lovett,* for appellant.

*A. Winslow,* for appellee.

JAMES, CHIEF JUSTICE.—The evidence is that Mrs. Schafermeyer bought of the International & Great Northern Railway Company at Laredo, Texas, a second class passenger ticket from that place to San Francisco, Cal., and had her trunk checked through. The contract part of the ticket limited the company's liability to what occurred on its own line, and also provided that its liability as to the baggage checked was limited to wearing apparel not exceeding $100 in value. Its connecting carriers were the Galveston, Harrisburg & San Antonio Railway Company from San Antonio to El Paso, Texas, and the Southern Pacific Company from El Paso to San Francisco. It appears from plaintiff's testimony that when she arrived in San Francisco at 9 o'clock in the morning she gave her check to a man at the baggage room and paid $1 to a man with a wagon and team, who delivered her trunk to her that evening about 5 o'clock. She then noticed that the articles in question, to wit, three silver bracelets, a gold watch and chain, and two gold penholders were missing from the trunk. She also testified that the railroad company's seal on the trunk was broken; that the hinges had not been tampered with nor the lock broken, and in her opinion the articles could not have been taken out even with the seal broken, unless some one had used a key and unlocked the trunk. It also appeared that a transfer company handled the trunk from the time it was turned over by the Southern Pacific Company until it was delivered to her, and it does not appear that there was any identity, partnership or agency between the Southern Pacific Company and the transfer company.

The action was against all three railway companies. The judgment appealed from is in favor of the International and Great Northern Railway Company and the Southern Pacific Company, and against appellant for the value of the articles as found by the jury.

Appellant has· no right to complain of any error that might exist in the judgment in favor of its codefendants, because it does not appear that it asked for judgment over against either of them (Railway Co. v. Clements, 20 Texas Civ. App., 498), and this case will be treated as if appellant, the intermediate carrier, had been sued alone.

The court charged the jury correctly, this being an interstate matter to which our statute is not applicable (Railway Co. v. Richmond, 94 Texas, 571), that only the carrier upon whose line the loss occurred was liable, and that neither was liable for what occurred on the other's line, and to find against the one upon whose line it occurred, if on any of them.

It devolved on plaintiff to prove in the first instance that the jewelry was in the trunk when received by the International & Great Northern Railway Company. Her testimony tended to show this fact; also that when she received the trunk in San Francisco the articles were missing therefrom. There was, however, no direct or circumstantial proof that the loss occurred on appellant's line (or any particular line of these several carriers), and appellant's liability in the absence of such proof is fixed, if at all, by means of presumptive evidence. The case of International & G. N. Railway Co. v. Foltz, 3 Texas Civ. App., 644, furnishes the approved rule in this State governing this class of cases. This being a case of total loss of the articles, as distinguished from mere damage to them, a presumption of negligence arises against the initial carrier. If it had shown that such carrier delivered the trunk to appellant at San Antonio just at it had received it from plaintiff, the presumption against it would be rebutted, and the presumption transferred to appellant because it would thereby appear that appellant received the trunk with the articles in it; and unless appellant should rebut such presumption of negligence thus cast upon it, it would be held responsible.

Appellant says that the evidence in this record did not warrant judgment against it, and with this we are forced to agree for the following reasons: Before any presumption could be indulged against any of the carriers, it was necessary for plaintiff to show in some manner that the loss occurred in transit, that is after delivery to the first and before delivery by the last carrier. It was not shown that the trunk was minus the articles in transit, nor when it left the hands of the Southern Pacific Company at San Francisco. The transfer company, or the person to whom the Southern Pacific Company delivered it, was plaintiff's agent and employe, and there is not any evidence to prove that at that time it was in the condition it was discovered to be in eight hours later, when opened by plaintiff. This fact, if true, could have been shown, but it was not. If shown, the presumptions, which the law creates in such a case, would have been set in motion. For the above reasons the evidence does not warrant the judgment, and it will therefore be reversed.

The testimony of the witnesses was that the Galveston, Harrisburg & San Antonio Railway Company transported the trunk from San

Antonio to El Paso just as it had received it from the initial line. Appellee insists that the following testimony is sufficient to prove that the loss happened while the trunk was in appellant's hands and before turning it over to the Southern Pacific Company at El Paso. Bishop, appellant's general baggage agent at that place, testified that he handled this trunk; that while it was in his custody it was not removed from the car and remained in the car while it was changed from one man to another, that is while one man gave the car up to the man who relieved him; that he delivered the trunk to the train baggageman (the baggage agent of the Southern Pacific Company), who carried it from El Paso, and it was in the same condition as when he received it. That he handled and was in charge of the trunk at El Paso; that he did not make the examination personally; that the examination was made by Mr. H. Raynor, who is employed for that purpose; that there was no indication that the trunk had been tampered with or articles stolen therefrom before it came into his possession; that there would be a remote possibility.

Appellee insists that from this testimony, and the fact that Mr. Raynor's statement was not taken, the jury could infer that the loss occurred on appellant's line. We can not agree with this as affirmative proof. But we are of opinion that such testimony might not be sufficient to rebut a presumption of negligence (if the presumption had been created against appellant), which would be a matter for the jury.

The case above cited settles also the question raised by the fifth assignment of error, as to the clause limiting defendant's liability in case of loss to $100. We find no error in what is alleged in the fourth assignment. The other assignments it is not deemed necessary to discuss.

The judgment in favor of the International & Great Northern Railway Company and Southern Pacific Company will not be disturbed, and the judgment against the appellant will be reversed and the cause as between plaintiff and appellant remanded for another trial.

*Reversed and remanded.*