The Texas & New Orleans Railway Company v. J. H. Lawrence.

Decided March 14, 1906.

**Money in Baggage—Liability of Carrier.**

An amount of money placed in a trunk by a passenger for *bona fide* traveling expenses and personal use, to such reasonable amount only as a prudent person would deem necessary and proper for such purposes, must be considered as included within the term "baggage."

Appeal from the County Court of Orange. Tried before Hon. W. J. Wingate.

*Baker, Botts, Parker & Garwood* and *Chester & Chester,* for appellants.—A passenger is entitled to carry as baggage such a sum of money only as may be reasonably necessary to defray the expenses of the trip, taking into consideration the distance and duration of the trip and the passenger's station in life. International & G. N. Ry. v. Chas. McCown, 2 Willson App. Civ. Cases, 712; Bonner v. Blum, 25 S. W. Rep., 60; Missouri, K. & T. Ry. v. Meek, 7 Texas Ct. Rep., 861; 3 Am. and Eng. Ency., 535, sec. 4; Hutchinson on Carriers, secs. 685, 682; Humphreys v. Perry, 148 U. S., 627; Dunlap v. International Steamboat Co., 98 Mass., 371; Michigan Cent. Ry. v. Carrow, 73 Ill., 348; Cincinnati & C. Ry. Co. v. Marcus, 38 Ill., 220; Merrill v. Grinnell, 30 N. Y., 620; Haines v. Chicago, St. P., M. & O. Ry. Co., 29 Minn., 160.

If appellant is liable to appellee for any portion of the money alleged to have been lost, it would be liable for a much smaller sum than the amount of the judgment, because it is clearly apparent from the evidence that a very small portion, if any, of the money claimed by appellee to have been placed in the trunk and lost would have been necessary for the expenses or personal use of appellee on said trip. Missouri, K. & T. Ry. v. Meek, 7 Texas Ct. Rep., 863; Illinois C. Ry. v. Handy, 63 Miss., 609; Bank of Greenfield v. Marietta & C. Ry. Co., 20 Ohio St., 259; 5 Am. Rep., 655; Orange Co. Bank v. Brown, 9 Wend., 117; Dunlap v. International Steamboat Co., 98 Mass., 371; Hutchinson on Carriers, supra; A. & E. Enc., supra.

In the absence of notice, a carrier would not, in any event, be liable for money carried as baggage, in excess of such amount as would be reasonably necessary to defray the expenses of the trip, taking into consideration the passenger's station in life, length of journey, etc. Humphreys v. Perry, 148 U. S., 627; Michigan Cent. R. R. Co. v. Carrow, 73 Ill., 348; Dunlap v. International Steamboat Co., 98 Mass., 371; Illinois C. Ry. Co. v. Handy, 63 Miss., 609; Cincinnati & C. Ry. Co. v. Marcus, 38 Ill., 220; Davis v. Michigan S. & N. I. Ry. Co., 22 Ill., 278; Haines v. Chicago, St. P. M. & O. Ry. Co., 29 Minn., 160; Bank of Greenfield v. Marietta & C. Ry. Co., 20 Ohio St., 259.

*Holland & Holland,* for appellee.—For money which is included bona fide in a passenger's baggage for his traveling expenses and personal use on the journey, a passenger carrier is liable as an insurer, not to exceed a reasonable sum. International & G. N. Ry. Co. v. Mc-Cown, 2 Willson Civ. Cases, sec. 712.

NEILL, ASSOCIATE JUSTICE.—This suit originated in the Justice's Court and was brought by appellee as a passenger against appellant as a common carrier to recover $158.05, one dollar of which was for injuries to his trunk, and the balance for money taken therefrom while in appellant's possession for transportation as appellee's baggage. The trial of the case in both the Justice and County Courts resulted in judgments in favor of appellee for the amount sued for.

From the judgment in the latter court, an appeal is prosecuted here.

The facts are uncontroverted that on the 17th day of July, 1903, appellee, a blacksmith, purchased a ticket from appellant entitling him to transportation over its line of railway from Orange to Houston, Texas, and from there over the Houston & Texas Central Railroad, to Thornton, Texas; that he then, as a passenger by virtue of his right evidenced by said ticket, tendered to appellant at Orange his trunk, containing $157.05, to be carried with him as baggage on his trip, which was received there and checked as baggage by appellant to the point of his destination; that in transit, his trunk was broken and $157.05 of his money lost or taken therefrom; that the purpose of appellee's trip to Thornton was to visit his three children, his wife being dead, and his visit lasted ten or fifteen days; and that when he started on his journey, besides the money in his trunk, he had on his person about eighty dollars.

The trial judge, before whom the case was tried without a jury,

found as a fact, "that the amount of money placed in said trunk by plaintiff, to wit, one hundred and fifty-seven dollars and five cents, was reasonably necessary to pay the expenses of his contemplated trip from Orange to his place of destination and return to Orange."

From this conclusion of the trial court spring all the objections raised by the assignments to the judgment appealed from.

If the conclusion is correct, or, in other words, if the evidence is reasonably sufficient to sustain it, the money in the trunk must be regarded as appellee's baggage, for the loss of which appellant would be liable.

"The term 'baggage,'" says Lawson on Bailment, sec. 272, "means such goods and chattels as the convenience or comfort, the taste, the pleasure or the protection, of the passenger generally makes it fit and proper for the passenger in question to take with him for his personal use, according to the wants or habits of the class to which he belongs, either with reference to the period of the transit, or the ultimate purpose of the journey."

"Broadly stated, the rule is that those things are personal baggage which a passenger carries with him for his personal use and convenience on his journey, and during his stay at the place to which he is going. . . . The purpose of the journey often determines the question of what is or is not personal baggage, and so does the length of the journey or proposed stay. The business in which the person is engaged is also important, for what would be regarded as personal baggage for a person engaged in one line of business would not for a person in an entirely different line of business. It is not necessary that the articles, in order to constitute baggage, should be used on the journey; if they are such as are reasonably necessary for the passenger, either while in transit or temporarily staying at a particular place, they will be considered as baggage." (4 Elliott on Railroads, sec. 1647.)

Sufficient money for the purposes of the passenger's journey is held to be personal baggage. (Jordan v. Fall River Ry. Co., 5 Cush., 69; 51 Am. Dec., 44; Fairfax v. New York, etc., Ry. Co., 73 N. Y., 167; Dunlap v. International S. Co., 98 Mass., 371.

In Merrill v. Grennell, 30 N. Y., 610, it is said: "Men who engage in the business of transporting persons from one part of the country to another, must make provision for carrying also whatever may be reasonably necessary to the traveler, under ordinary circumstances, for the prosecution of the journey, or they will be wholly without employment. Nothing of course can be more essential to this end that an adequate supply of money for traveling expenses; and the amount must necessarily be measured, not alone by the requirements of the transit over a particular part of the entire route, to which the line of one class of carriers extends, but must embrace the whole of the contemplated journey, and include such an allowance, for accidents or sickness, and for sojourneying on the way, as a reasonably prudent man would consider necessary to make. Whether the amount claimed in the case of loss would be reasonable or excessive in the particular instance would depend upon the character of the journey and the special circumstances of the case. It is very clear that it would not include funds carried for the purpose of transportation or remittance, or for investment in

another locality. It should be limited to money taken for traveling expenses properly so called. When thus limited, the principle does not involve any departure from the rule that the liabilities of the carrier are imposed in respect to the compensation paid, but is in strict accordance with the principle."

In the case of Jordan v. Fall River Ry. Co., 5 Cush., 73, the court, after stating as its conclusion that money *bona fide* taken for traveling expenses and personal use may properly be regarded as forming a part of a traveler's baggage, says: "It has been objected, that the carrier will not expect that there will be money with the baggage, and will not therefore be put upon his guard. But surely a carrier may very naturally understand and expect, that a passenger will place his money for expenses, or some part of it, in his trunk, instead of carrying it about his person; he certainly might as naturally expect this, as that there would be jewels or a watch in a traveling trunk, for which articles a carrier has been held responsible. The passenger is not bound to give notice of the contents of his trunk, unless particular inquiry be made of the carrier. But it must be fully understood that money can not be considered as baggage, except such as is *bona fide* taken for traveling expenses and personal use; and to such reasonable amount only as a prudent person would deem necessary and proper for such purpose."

It is ordinarily a question of fact for the jury to determine in the particular case what articles are or are not personal baggage (Texas & P. Ry. Co. v. Furgerson, 1 W. & W., 728; Elliott on Railroads, sec. 1648) ; and also to determine what is a reasonable quantity of baggage, for which a carrier should be held liable under the circumstances. (Galveston, H. & S. A. Ry. Co. v. Fales, 77 S. W. Rep., 235.)

Under the authorities cited, it is clear that the conclusion quoted of the trial court brings the one hundred and fifty-seven dollars and five cents, which was in appellee's trunk, within the meaning of baggage, for the loss of which appellant is liable as a common carrier. And the evidence being, in our opinion, reasonably sufficient to sustain such conclusion, the judgment is affirmed.

*Affirmed.*