KANSAS CITY SOUTHERN RAILWAY COMPANY *v.* SKINNER.

Opinion delivered November 23, 1908.

1. CARRIERS—SUIT CASE AS BAGGAGE.—A suit case purchased for his own use by a passenger which he was carrying home inside of his trunk constituted baggage. (Page 190.

2. SAME—ARTICLES FOR USE OF FAMILY AS BAGGAGE.—Articles purchased by a passenger while on a journey for the use of members of his family fall within the term baggage. (Page 191.)

3. APPEAL AND ERROR—QUESTION NOT RAISED BELOW.—Where a complaint seeking to recover from a carrier for lost baggage contained a list of the articles alleged to be lost, and the answer failed to deny that any of the articles constituted baggage, the question whether they were proper to be claimed as baggage cannot be raised on appeal for the first time. (Page 191.)

4. INSTRUCTIONS—WHEN HARMLESS.—The defendant cannot complain of errors in the court's instructions in a case wherein the court might properly have given an instruction to find for the plaintiff. (Page 192.)

Appeal from Sevier Circuit Court; *James S. Steel,* Judge; affirmed.

*Read & McDonough* and *S. W. Moore,* for appellants.

1. "Baggage" does not include everything a traveler puts in his trunk. 65 Ark. 365. For "baggage," see also 106 Mass. 146; 74 Ark. 125; L. R. 6 Q. B. 612; 12 Wall. 274. Such articles

only as are ordinarily taken by travelers for their *personal use and convenience.* 12 Wall. 274. What is baggage is for the jury under *proper* instructions. 30 N. Y. 594; 14 Am. Rep. 356; 35 Vt. 605; 74 Ark. 125; 122 Ill. App. 359.

2. The instructions asked should have been given. 60 Ark. 434; 74 *Id.* 125; 63 *Id.* 363.

McCulloch, J. This is an action instituted by appellee to recover of appellant the value of his lost baggage which was checked over appellant's railroad for him as a passenger from Texarkana to De Queen, the undisputed proof showing that it was destroyed by fire while in appellant's custody after it arrived at the last-named place within forty-eight hours after arrival, which, under the statute, rendered the company responsible for it as common carrier. Kirby's Digest, § 6617.

The case was submitted upon the testimony of appellee alone—no other testimony being introduced except the baggage check issued to him. The evidence is therefore undisputed, and the only ground for reversal urged by appellant is that some of the articles in appellee's trunk were not baggage, within the proper meaning of that term when used in connection with the question of a carrier's liability to a passenger, and that the court erred in refusing to submit the question whether the disputed articles were or were not baggage.

Appellant was on a journey from the State of Nevada to his home at De Queen, Arkansas, and carried his trunk, which was checked as baggage. He stopped off at Texarkana, and resumed his journey home on appellant's road from that place where he purchased a ticket and had his trunk checked. The trunk contained numerous items, which, according to his own inventory and valuation, were of the total value of $170.25, including the value of the trunk, but which the jury found to be of the value of $160. The only two items which we think can be seriously questioned as coming within the term baggage are a suit case, valued at $10, which appellant purchased at Texarkana and carried home inside the trunk, and a dress pattern containing twelve yards of woolen goods valued at $8.85 which he purchased at Texarkana and was conveying it home for a member of his family.

We find little difficulty in reaching a conclusion that the suit

case was baggage, though it was purchased at Texarkana and was carried inside the trunk. He purchased it for his own use, and was conveying it home for that purpose. Its character as baggage was not destroyed because it was inside the trunk, and was not being made use of on that journey.

The only other question is whether the dress pattern purchased and carried home for use by a member of appellee's family, not being literally for his own personal use or convenience, was baggage for which appellant was responsible as carrier. This court, as a general definition of the term "baggage," has given its approval to this statement of Lord Chief Justice Cockburn in *Macrow* v. *Great Western Ry. Co.*, L. R. 6 Q. B. 612: "Baggage is whatever the passenger takes with him for his personal use or convenience, according to the habits or wants of the particular class to which he belongs, either with reference to the immediate necessities or to the ultimate purposes of the journey." *Kansas City, P. & G. Rd. Co.* v. *State,* 65 Ark. 365; *Little Rock & H. S W. Rd. Co.* v. *Record,* 74 Ark. 125.

An examination of the facts of our cases shows that a liberal, rather than a literal, interpretation of that definition was intended. In the case last cited the court held that two shotguns of the value of $250 carried by the passenger to hunt with on reaching his destination constituted baggage.

Difficulty arises more in the application of the law on this subject to the particular facts of a case, rather than to a statement of the law itself. We do not construe our former decisions to mean that the articles carried as baggage must be for use only while on the journey or for strictly personal use. There seems to be no good reason why an article for use at the end of the journey or for the use of the traveller's wife, child or other member of his immediate family should not fall within the definition of the term personal baggage. 3 Hutchinson on Car. § 1246; *Withey* v. *Pere Marquette R. Co.*, 141 Mich. 412.

The New York Court of Appeals in *Dexter* v. *Syracuse, etc., Rd. Co.*, 42 N. Y. 326, held that material purchased in a distant city and carried by a passenger to be used for dresses for members of his family was properly considered as baggage. We think that decision is correct.

There is still another reason why the judgment in this case

should be affirmed. A bill of particulars accompanies the complaint containing a list of all the articles in the trunk, and the complaint alleges that they were carried as baggage. The answer contains no denial that any of the articles constituted baggage, and the question can not be raised here for the first time. *St. Louis Southwestern Ry. Co.* v. *Johnson*, 82 Ark. 365.

There was therefore no prejudicial error in giving or refusing instructions, as there was no conflict in the evidence, and the court could well have given a peremptory instruction in favor of appellee.

Affirmed.