SAN ANTONIO & A. P. RY. CO. v. GREEN. (No. 5327.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 14, 1914.)

1. CARRIERS (§ 404*)—CARRIAGE OF PASSENGERS—BAGGAGE—LIABILITY.

Where a railroad company failed to deliver a trunk checked as personal baggage, claiming that the trunk was destroyed when a depot burned, it is liable therefor as a common carrier and not as a warehouseman, where there was no proof that the trunk was in the depot building destroyed by fire.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1539–1543; Dec. Dig. § 404.*]

2. CARRIERS (§ 391*)—CARRIAGE OF PASSENGERS—"BAGGAGE"—WHAT CONSTITUTES.

Being a matter of common knowledge that razors are used by men upon journeys and the completion thereof, razors in a trunk checked by a male passenger are "baggage" for which the carrier is liable.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1520–1528; Dec. Dig. § 391.*

For other definitions, see Words and Phrases, First and Second Series, Baggage.]

3. CARRIERS (§ 391*)—CARRIAGE OF PASSENGERS—BAGGAGE.

Where a passenger returning home carries with him photographs, such articles may be considered baggage for which the carrier is liable.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1520–1528; Dec. Dig. § 391.*]

4. CARRIERS (§ 391*)—CARRIAGE OF PASSENGERS—BAGGAGE.

Where a passenger carries with him winter clothing which he expected to use on the completion of his journey, the winter season then being near, such clothing is baggage for the loss of which the carrier is liable.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1520–1528; Dec. Dig. § 391.*]

5. CARRIERS (§ 391*)—CARRIAGE OF PASSENGERS—BAGGAGE.

Money can be considered as baggage only if taken in good faith and in a reasonable amount for traveling expenses and personal use on a trip.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1520–1528; Dec. Dig. § 391.*]

6. CARRIERS (§ 408*)—CARRIAGE OF PASSENGERS—BAGGAGE—PROVINCE OF COURT.

In the absence of allegation and proof that money claimed by a traveler to be baggage was for reasonable traveling expenses, the court cannot hold as a matter of law that $25 contained in a trunk lost was intended for use on the passenger's journey home and was reasonably necessary for that purpose.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1557–1571; Dec. Dig. § 408.*]

Appeal from District Court, Kerr County; R. H. Burney, Judge.

Action by W. E. Green against the San Antonio & Aransas Pass Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Taliaferro, Cunningham & Birkhead and F. R. Williams, all of San Antonio, for appellant.

MOURSUND, J. Appellee sued appellant for the value of a trunk and its contents, checked as baggage upon a ticket from Corpus Christi to Kerrville. Appellant urged certain special exceptions, and alleged that the trunk was destroyed by a fire which consumed appellant's depot and warehouse at Kerrville, that such fire originated without negligence on its part, and that at the time thereof it was holding the trunk as a warehouseman, and was therefore not liable for its loss. Plaintiff obtained a judgment in the justice's court for $113.58, and upon ap-

peal to the district court, upon a trial before the court, was awarded a judgment for $98.38.

### Findings of Fact.

1. Appellee's trunk was checked at Corpus Christi, on September 22, 1913, upon his ticket for passage from that place to Kerrville, and loaded upon the train taken by appellee. There is no evidence that the trunk ever arrived at Kerrville. It was never delivered to appellee.

2. The trunk contained, in addition to various articles admitted to be baggage, two razors worth $4, one winter suit worth $15, one dozen photographs worth $1.50, and $25 in cash.

3. Appellee was returning to his home situated about 21 miles from Kerrville. He testified upon cross-examination that he was traveling in the summer time and shipping his winter suit home; that he had been gone all winter. There was no testimony with regard to the photographs and money except the bare statement that the same were contained in the trunk. Appellee intended to take a hack at Kerrville and thus complete his journey to his home. He did not testify to any intention to make a return trip from his home.

### Conclusions of Law.

[1] 1. The court did not err in holding that appellant's liability was that of a carrier and not of a warehouseman, because appellant failed to prove that the trunk was in the depot building destroyed by fire.

[2] 2. It is a matter of common knowledge that razors are used by men upon journeys and upon the completion thereof, and the court did not err in holding that no explanatory allegations were required to show that the two razors constituted baggage.

[3] 3. The dozen photographs, whether of appellee, and intended to be distributed to his relatives and friends, or of others and intended for his enjoyment, cannot be said to constitute household goods, and were such an article as the carrier might reasonably contemplate would be carried upon a journey home, and we, therefore, hold that the court did not err in holding the same to be baggage without explanatory averments and proof.

[4] 4. The winter suit constituted baggage, even though appellee did not intend to use the same upon his trip. For that matter, he did not intend to use many of the articles in the trunk upon the trip, but did intend to use them upon the completion thereof. The fact that he might have had no use for the winter suit until cold weather, or fashion's decree, regardless of climatic conditions, authorized its use, would not deprive such suit of its character as baggage. This is not a case where a person made a trip in the summer intending only a short stay and took winter clothing without any intention of using same, and therefore the case of Railway v. Meek, 75 S. W. 317, is not in point. In this case the man was returning home late in September, after an absence covering the preceding winter, and the carrier might well contemplate that he would take his winter clothes with him for use within a short time after reaching home.

[5, 6] 5. The law with respect to carrying money as baggage was fully discussed by Justice Neill in the case of T. & N. O. Ry. v. Lawrence, 42 Tex. Civ. App. 318, 95 S. W. 663, and we need only say that with respect to money the rule appears to be well settled that money can only be considered as baggage if bona fide taken for traveling expenses and personal use on the trip, and it therefore appears that it is always necessary to aver and prove that such was the purpose for which the money was carried, and the amount must be limited to such as a reasonably prudent man would consider necessary for the purpose. In this case there is neither allegation nor proof of any fact with respect to the money, except that $25 in cash was contained in the trunk. Even though the amount was only $25, we do not think the court could, as a matter of law, hold that such amount was intended for use on the journey home and was reasonably necessary for that purpose.

The third and sixth assignments of error are sustained, and the others overruled.

The judgment is reversed, and the cause remanded.