## TEXAS & P. RY. CO. v. BRYANT.*
### (No. 11912.)

Court of Civil Appeals of Texas. Fort Worth. Sept. 22, 1928.

Rehearing Denied Oct. 20, 1928.

Mack & Mack, Seth Barwise, and Thompson & Barwise, all of Fort Worth, for appellant.

Alex M. Mood and N. A. Dodge, both of Fort Worth, for appellee.

CONNER, C. J. This is an appeal from a judgment in appellee's favor in the sum of $1,319.35 as the value of specified goods and chattels contained in a 'trunk shipped by appellee as baggage from Fort Worth to Weatherford, and retransported from Weatherford to Fort Worth. The appellee alleged in substance, and there was testimony authorizing the conclusion, that on or about December 1, 1924, appellee and his wife had arranged for employment on what was represented to be a large ranch near the city of Weatherford, appellee to serve as foreman and his wife as cook; that, for the purpose of effecting the proposed employment, appellee, on or about December 1, 1924, purchased for himself a ticket to Weatherford, and at the time delivered to appellant company for transportation a trunk containing specified articles of wearing apparel, jewelry, and other personal property; that the agent of the appellant company received said trunk and delivered to appellee a check therefor; that upon the ticket so purchased he went to Weatherford as a passenger for the purpose of meeting the supposed owner of the ranch, but upon arrival failed to meet him as had been arranged; that, after waiting some time, he returned to Fort Worth, leaving his trunk at Weatherford; that after some six days, not

having heard from the purported owner of the ranch, he returned to Weatherford and purchased a return ticket from Weatherford to Fort Worth, at the time delivering to the agent of appellant company the check issued in the first instance, receiving in return a check calling for the retransportation of said trunk to Fort Worth; that later, upon the return of the trunk to Fort Worth, it was found unlocked, the rope with which it had been originally bound untied, and the articles specified in the petition wholly absent.

The answer of appellant company was a general denial. The case was submitted to the jury upon special issues, which, so far as material to our consideration, are, together with the answers thereto, as follows:

"1. Were any articles of value taken from the trunk of plaintiff after the defendant accepted same for transportation as baggage and before the said trunk was delivered to the plaintiff at Fort Worth after said transportation had been completed?

"Answer: Yes.

"2. Was the defendant and its servants and employees negligent in regard to safely keeping the said plaintiff's trunk during the period set out in question No. 1? In connection with this question you are instructed that it was the duty of the defendant to exercise ordinary care for the safety of said trunk during said period, which is that care which a person of ordinary prudence would exercise under the same or similar circumstances, and failure to exercise such care is negligence.

"Answer: Yes.

"3. If you have answered No. 1 'No,' do not answer No. 3; but, if you have answered it 'Yes,' then answer:

"What was a fair and reasonable value in Fort Worth, Texas, on December 7, 1924, of the property, if any, taken from plaintiff's trunk?

"Answer: $1,168.45.

"In answering this question, you will not consider or allow for any items, if any, which were not for the personal use and convenience of the plaintiff or his wife, either for the immediate necessities or the ultimate purpose of the journey."

Upon the return of the verdict, the court entered judgment as indicated in the beginning.

As shown in the testimony, appellee's wife packed the trunk for its original shipment; the contents consisting of personal effects and wearing apparel of both appellee and his wife. The wife's articles consisted of a diamond brooch, valued at $750, a diamond lavalier, valued at $14, a set of furs, valued at $112.50, and dresses, scarfs, hose, shirts, toilet set, etc. The articles personally used by appellee consisted of one watch, valued at $70, and other articles of men's wearing apparel, all of the estimated value of $196.50.

The facts stated above are not here controverted by appellant. The material question presented, however, raised by objections to the court's charge, by special charges requested, and in other ways, is in substance that, inasmuch as appellee's wife was not a passenger, the articles of her personal adornment and apparel did not constitute "baggage," within the meaning of the rule which imposes liability upon the carrier for its loss, in the absence of a showing of gross negligence. Appellant objected to the court's charge, on the ground of its failure to give a definition of the term "baggage," and requested a charge substantially containing the definition given in the case of M., K. & T. Ry. Co. v. Meek, 33 Tex. Civ. App. 47, 75 S. W. 317, by the Galveston Court of Civil Appeals. The court there said:

"The term 'baggage,' within the rule determining the carrier's liability, is defined to include whatever the passenger takes with him for his own personal use and convenience, according to the habits or wants of the particular class to which he belongs, either with reference to the immediate necessities or the ultimate purposes of the journey. Whether or not certain articles are within the term 'baggage' is to be determined from the character and length of the journey, its purposes and objects, the owner's station in life, and the habits and uses of the class of travelers to which he belongs."

The quotation is in substantial accord with the authorities cited in its support, as well as others, including the decision of this court in the case of Schaff v. Gibson (Tex. Civ. App.) 258 S. W. 595. See, also, T. & N. O. Ry. Co. v. Lawrence, 42 Tex. Civ. App. 318, 95 S. W. 663; G., H. & S. A. Ry. Co. v. Fales, 33 Tex. Civ. App. 457, 77 S. W. 234; Mexican Cent. Ry. Co. v. De Rosear (Tex. Civ. App.) 109 S. W. 949; C., R. I. & P. Ry. Co. v. Whitten, 90 Ark. 462, 119 S. W. 835, 21 Ann. Cas. 726; K. C. So. Ry. Co. v. Skinner, 88 Ark. 189, 113 S. W. 1019, 21 L. R. A. (N. S.) 850.

In the case of G., H. & S. A. Ry. Co. v. Fales, supra, it is said that if the articles checked as baggage are in fact baggage, and are received by the common carrier for transportation, and are never delivered to the passenger, "the liability is fixed." This, we think, must be accepted as the law, to be qualified, of course, by proof, if any, that the loss was occasioned by the act of God or other vis major, which, under the common law, will excuse the common carrier.

In this case, however, appellant neither pleaded nor attempted to show by evidence any excuse or otherwise account for its failure to redeliver to appellee the trunk and its contents. It is to be further observed that the court, in its charge, not only confined the recovery to the value of the articles that ordinarily or generally may be classed as baggage, but further required a finding of negligence on the part of appellant, and the jury found negligence. The finding is not

attacked, and is supported by the unexplained failure to redeliver. See G., H. & S. A. Ry. Co. v. Fales, supra. Whether the goods in question were lost in transit, or while in storage in the warehouse of appellant at Weatherford, has not been made to appear, and it seems evident from the court's charge that the theory of the case upon which it was tried and disposed of by the jury and court below was that the liability of appellant was that of bailee. That appellant was at least a bailee is. not denied, indeed, cannot reasonably be controverted; it appearing, among other things, that appellee was required to pay, and did pay, for storage of the trunk during the week it remained in appellant's warehouse at Weatherford. The court's charge, therefore, was perhaps more favorable to appellant than it was entitled to, unless, indeed, error was committed in authorizing a recovery for the personal effects of appellee's wife.

The evidence shows that the jewelry, dresses, etc., used by appellee's wife were purchased during the marriage relation of the parties, and under our laws constitute community property, in the absence of a showing, and there is none in this case, that they belonged to the separate estate of the wife, by reason of having been acquired by gift, devise, or descent, and, notwithstanding the enlarged control given the wife over her personal belongings, it is specifically provided by article 4619 of our Revised Statutes that:

"All property acquired by either the husband or wife during marriage, except that which is the separate property of either, shall be deemed the common property of the husband and wife, and during the coverture may be disposed of by the husband only."

We are not inclined to the view that the mere fact that part of the goods in controversy was used by the wife for her own personal comfort and convenience, and that she was not a passenger, relieved appellant of liability. The husband's own goods, as well as those of the wife, were shipped in contemplation of employment in the distant county, and were convenient and necessary to both in fulfillment of the purposes in view. Such being true, it seems to us that it is going too far to say that the husband, as the community partner, was not entitled to protection for the preservation and redelivery of the goods used by his wife equally with those used only by himself. At all events, we think the view evidently adopted by the trial court must be upheld, on the theory that the evidence shows that appellee's wife packed the trunk, and evidently consented for its delivery to the husband for the transportation of her jewelry and apparel. The husband, therefore, had lawful possession and control of the same, and could lawfully make deposit thereof with appellant, and contract, as in effect he did, for the safe redelivery.

For the reasons stated, all assignments of error are overruled, and the judgment is affirmed.

### On Motion for Rehearing.

■ The able counsel for appellant with much force insists that the court below and this court erred in holding, in effect, that appellant was liable for the wife's goods on the theory that appellant was at least a bailee. It is insisted that there is no pleading to support such a recovery, and there is much force, or apparent force, in the contention; for the gist of plaintiff's petition is to the effect that the trunk, within which the wife's apparel was contained, was baggage, and hence that appellant was liable for its loss as such. It is true, as stated, that plaintiff's .petition does not specifically allege a bailment and a failure on appellant's part to exercise ordinary care in keeping the goods. The petition does, however, allege in fact that the trunk containing the wife's apparel was deposited with and remained in the possession of appellant a number of days at Weatherford, and does allege the failure of appellant to redeliver the goods, and there is no explanation whatever in behalf of appellant as to the loss. The evidence shows that the trunk was locked and bound with ropes when delivered to appellant at Fort Worth, and thereafter remained in its exclusive possession. Under such circumstances, the burden of proof was on appellant, instead of appellee, to show that the trunk was rifled, if at all, in transit, instead of at Weatherford. It is to be noted in this connection that the court distinctly submitted the issue of negligence to the jury, and that the issue was found against appellant. While negligence in terms was not alleged, a failure to redeliver was, which, in the absence of explanation, justified an inference of negligence, as we pointed out in our original opinion. See G., H. & S. A. Ry. Co. v. Fales, 33 Tex. Civ. App. 457, 77 S. W. 234. So that we did not and do not feel quite willing to say that the case was tried below upon a wholly mistaken theory.

■ But, if it be admitted that it was, we were not and do not feel prepared to say that the judgment is unsupported upon the theory that the wife's jewelry and wearing apparel constituted baggage, as urged by appellee in his original petition and upon the trial. Upon this theory of the case, there was but one proposition that we thought of serious import. That was the error assigned to the action of the court in refusing to give apellant's charge embodying the definition of the term "baggage." We think the court could have properly given the charge, but the question is whether his failure to do so under the circumstances constitutes reversible error. We finally conclude that it did not. The court, in its third issue, distinctly charged the jury not to "allow for any items, if any, which were not for the personal use and conven-

ience of the plaintiff or his wife, either for the immediate necessities or ultimate purpose of the journey," thus excluding from the jury's consideration every element that enters into the definition of the term "baggage," except "the character or length of the journey, * * * the owner's station in life, and the habits and uses of the class of travelers to which he belongs." Appellant's contention is that the wife's articles did not constitute baggage, for the reason that she was not a passenger. There is no contention that they would lose that character because of the shortness of the journey, or because of the wife's station in life, or because of the habits and uses of the class of travelers to which she belongs. We therefore did not think, and do not think, under the court's charge and the undisputed fact, or the objections made, that the refusal to give the special charge defining "baggage" constitutes reversible error.

The only remaining contention of materiality is that the wife's goods did not and do not constitute baggage, for the sole reason that she was not a passenger. But, as indicated in our original opinion, we have been unable to concur in this contention. Assuming that the wife's apparel is such as to fairly come within the meaning of the term "baggage," had she been a passenger, as we think may be assumed, it would be going too far to say that they lost that character on the sole ground that it was the husband, instead of the wife, who was the passenger. As it seems to us, it would lead to an unreasonable conclusion to hold that under the circumstances of the journey, as detailed in the plaintiff's petition and in the undisputed proof, that the husband, as the agent of the wife, and as a community owner, may not, within the spirit of the law, take his wife's apparel together with his own, in the same trunk, and thus cover the contents with the mantle of the law's protection.

We accordingly conclude, for the reasons indicated, that the motion for rehearing should be overruled.