HUTCHINGS & Co., plaintiffs in error, vs. THE WESTERN AND ATLANTIC RAILROAD, defendant in error.

[1.] A passenger, for his fare, has a right to have his baggage carried; by which is meant the ordinary wearing apparel customarily carried by travelers, and such other articles as may be needed for his comfort or amusement.

[2.] Money, except for the payment of expenses, and merchandise not included in the term baggage.

[3.] Travelers bound to pay customary and reasonable freight for the transportation of money.

Hutchings & Co. vs. The Western and Atlantic Railroad.

[4.] A person transporting money over a railroad, upon which freight is demandable, cannot defeat the right to exact the freight and recover it, by a fraudulent concealment of it.

[5.] Whatever is carried into the passenger car of a railroad as baggage, is so far considered in the possession of the conductor or agent of the road, as to authorize him to exercise the right of retainer for dues for passage or freight on the article itself.

Case, from Fulton county. Decided on demurrer, by Judge BULL, at October Term, 1857.

This was an action on the case brought by Eusebius Hutchings and John C. Hilton, bankers and exchange brokers, under the firm of Hutchings & Co., against James F. Cooper, Superintendent of the Western and Atlantic Railroad.

The declaration alleged that Hutchings, one of said firm, about the 10th April, 1854, took passage in a passenger car on said road, at Dalton for Atlanta, having paid the usual price for a passenger ticket; and that he took with him into the car, a carpet bag containing about $87,000 in gold, silver, ore, bullion, bills, notes and drafts, and which he kept in his possession and under his control, at or near his seat; that upon his arrival in Atlanta, the defendant demanded and claimed freight, to-wit: about forty dollars on said carpet bag containing said gold, silver and bank notes, &c.,; and upon the refusal of Hutchings to pay the same, defendant seized and took possession of said bag, and detained the same for four days, and delayed and hindered him from proceeding on his journey during that time; and after the expiration of said four days, and upon the payment by plaintiff of $17 as freight upon said bag, defendant delivered the same to said Hutchings.

Plaintiffs claim damages on account of said seizure and detention, &c.

Defendant demurred to the declaration, and after argument, the Court sustained the demurrer as to all the causes of action, except that founded upon the amount alleged to have been paid by plaintiffs as freight.

Hutchings & Co. vs. The Western and Atlantic Railroad.

To which decision counsel for plaintiffs excepted.

HAYGOOD & WHITAKER, for plaintiffs in error.

OVERBY & BLECKLY, *contra.*

*By the Court.*—McDONALD, J. delivering the opinion.

The plaintiffs sued the defendants in the Court below for the recovery of damages, alleged to have been sustained by them, to a large amount, by reason of the seizure and detention by them, as the agents of the Western and Atlantic Railroad, of a large amount of "gold and silver coin, ore, bullion, &c., bank bills, banker's checks and drafts, acceptances and other assets of great value, to-wit: in all, the value of $87,000," which were contained, with other things, in a glazed cloth bag, and which one of the plaintiffs had in his own custody, in his own care, at his seat in the passenger car, and which were not placed under the care or in the custody of said railroad, or the conductor of the passenger train, or any other officer or agent of the railroad. On the arrival of the train at the passenger depot in Atlanta, the defendant entered the car and demanded of Eusebius Hutchings, one of the plaintiffs, the possession of the baggage, or the payment of the sum of forty dollars as freight on the gold, according to the published rates of freights on said road, and they refused to allow him to remove the same from the car without the payment of the said forty dollars. The said plaintiff refused to pay, protesting against the right of the defendants to take possession of the said bag, and against their right to make any charge for freight thereon; nevertheless, the defendants refused to allow the plaintiff to remove from the car with the said baggage, and by violence, and with force and arms, took and retained possession thereof for the space of four days, &c., &c.

It is alleged further, that the defendants extorted seventeen dollars from the plaintiff, before they would restore the bags and their contents, which he paid under protest.

The defendants demurred to the declaration, and the Court sustained the demurrer, except as to the plaintiffs' right to recover the seventeen dollars, to which judgment of the Court below the plaintiffs except.

[1.] The plaintiff had paid, at Dalton, when he entered the car, the usual price of a passenger ticket to Atlanta. For this ticket he had a right to have his baggage conveyed By baggage, is meant the ordinary wearing apparel customarily carried by travelers; and, according to the decision of this Court, other articles for the comfort and amusement of the passenger. *Dibble vs. Brown et al.* 12 *Ga.* 217.

[2.] Merchandise and money, except money for the payment of expenses, are not embraced under the term baggage, &c. *Hawkins vs. Hopkins*, 6 *Hill's N. Y. Rep.* 589.

[3.] The declaration shows that this road had published rates for the transportation of gold, and that the sum demanded for freights was upon those rates. It is unnecessary to determine whether the plaintiffs were bound to pay according to the published rates. It is certain that they were bound to pay what is customary and reasonable in such cases.

It is true, that under the circumstances of this case, the plaintiffs may not have been entitled to recover from the defendants if they had lost the money. But not because the State was not liable to pay for losses sustained by travelers on the road, but because the owners were guilty of a fraud, by concealing the fact that their bags contained a large sum of money. *Gibson vs. Peyton et al.,* 4 *Burr,* 2300; *Batson vs. Denovah,* 6 *Eng. Com. Rep.* 333.

The declaration, in this case, furnishes strong evidence of a fraudulent concealment of the contents of this traveling bag. It avers that the plaintiff, Hutching, "refused to be catechised, or to answer in any way, as to the contents of said baggage."

[4.] The plaintiffs, then, were not entitled to carry the money as baggage. They were liable for freight according to published rates, as the declaration shows. The demand, then, made by the defendants of the plaintiff, Hutchings, was a just and legal demand. Could he defeat it by averring that his successful fraudulent concealment had enabled him to reach his point of destination without discovery ? We apprehend not.

[5.] There was a doubt on my mind, growing out of the averment in the declaration, that the baggage remained in the possession, care and custody of the passenger, and was never delivered over to the custody of the conductor or other agent of the road, so as to admit of his *retaining* the property for arrearages of passage or freight. But, on reflection, it seems to me necessary and right to hold, that whatever is carried into the passenger car of a railroad as baggage, should be so far considered in the possession of the conductor, or agent of the road, as to authorize him to exercise the right of retainer for dues for passage or freight on the article itself.

Judgment affirmed.