KANSAS CITY, PITTSBURG & GULF RAILROAD COMPANY

*v.* STATE.

Opinion delivered June 4, 1898.

CARRIER—BAGGAGE.—Samples of merchandise carried for the purpose of making sales of goods of the same class are not "baggage," within the act of April 19, 1895, making it a misdemeanor for a railroad to charge more than a fixed sum for transporting excess baggage. (Page 365.)

. Appeal from Benton Circuit Court.

EDWARD·S. McDANIEL, Judge.

*J. McD. Trimble, Jno. A. Eaton* and *C. M. Rice*, for appellant.

Where a passenger contracts and pays for the transportation of goods at first-class freight rates, it is immaterial that such goods are checked as baggage.    127 Ill. 598; S. C. 20 N. E. 662; 4 Elliott, Railroads, §1650.    The contract in this case fixed the character of the goods as freight.    4 Elliott, Railroads, § 1650; 20 Am. St. Rep. 228.    The check is a mere token, and does not, of itself, constitute a contract of carriage.    16 Am. & Eng. R. Cas. 188.    Samples of a traveling salesman are not baggage.    6 Hill, 586; 126 Mass. 121; 98 Mass. 83; Sand. & H. Dig., § 6215; 2 Am. & Eng. R. Cas. (N. S.) 23, *et seq.;* 4 Elliott, Railroads, §§ 1646–7; 63 Ark. 344.    The trunks and their contents were not the property of the passenger, and therefore were not baggage.    Hale on Bailments, 389 and 390, and cases; 4 Elliott, Railroads, 1647; 20 O. St. 260; 19 Wend. 534; 42 N. Y. 326; 41 Miss. 671; Fetter, Carriers of Pass. 600; 44 N. H. 325.    The act of the legislature (p. 209, acts of 1895), under which this indictment was returned, is void for the reason that it provides for unusual punishments, and is unreasonable.

*E. B. Kinsworthy*, attorney general, for appellee.

Appellant, knowing the character of the goods offered for transportation, received same *as baggage*, and is now estopped to deny that they were baggage.    63 Wis. 100; 17 Fed. 209; 1 Dak. 351; 32 Kas. 55; 65 N. Y. 375; 34 Kas. 502; 29 S. W. 196; 63 Ark. 344; 60 Ark. 433; 4 Elliott, Railroads, § 1649; 29 S. W. 196.    This being true, the conviction was proper.    Acts of Ark., 1895, p. 209. ·

BATTLE, J.    An act entitled "An act to regulate charges on excess baggage on all railroads propelled by steam or electricity in this state over five miles in length," approved April 19, 1895, provides:

"Section 1.    It shall be unlawful for any railroad in this state, over five miles in length, run by steam or electricity, to

charge more than twelve and one-half per cent. of the cost of a first-class fare between all points in this state, per hundred pounds, for excess baggage, over (150 lbs.) one hundred and fifty pounds; provided, that the minimum charge for excess, where the same does not exceed 200 pounds, shall not be less than twenty-five cents.

"Sec. 2. Any such railroad violating the provisions of this act shall be deemed guilty of a misdemeanor, and upon conviction be fined in any sum not less than $10 nor more than $25."

The Kansas City, Pittsburg & Gulf Railroad Company was indicted for, and convicted of, a violation of this act, and was fined in the sum of ten dollars.

The facts upon which the conviction was based are as follows: George T. Lincoln, a traveling salesman, purchased of the Kansas City, Pittsburg & Gulf Railroad Company a ticket for transportation over its road from Siloam Springs, in Benton county, in this state, to Gentry, a station in the same county, and paid twenty cents for the same, the price of first-class fare. He had with him four trunks, which contained clothing of various kinds, and weighed in the aggregate 970 pounds. He carried this clothing with him, and used it as samples in making sales of goods of the same description. The railroad company allowed him transportation for 150 of the 970 pounds free of additional expense, and charged and received from him one dollar and twenty-five cents for the transportation of the remaining 820 pounds from Siloam Springs to Gentry. The sum received was the amount charged for like articles, when shipped as first-class freight, was a freight rate, and not an excess baggage rate. The trunks were checked like baggage, and accompanied Lincoln upon the same train. The defendant's railroad exceeded five miles in length, and was operated by steam.

Were the four trunks and their contents "baggage," within the meaning of the act of April 19, 1895?

What is baggage, within the rule of the carrier's liability, depends much upon the reason why the passenger is allowed transportation for it as such. There can be but one, and that is because it is necessary or conducive to his convenience and

comfort.    It is necessary to him, and for that reason it is impliedly, if not expressly, included in every contract of the carrier to transport passengers.    "The impossibility of traveling," says Chief Justice Cockburn, "without the accompaniment of a certain quantity of luggage for the personal comfort and convenience of the traveler has led from the earliest times to the practice, on the part of carriers of passengers for hire, of carrying, as a matter of course, a reasonable amount of luggage for the accommodation of the passenger, and of considering the remuneration for the carriage of such luggage as comprehended in the fare paid for the conveyance of the passenger."    Hence courts and authors, in defining what is baggage, have embraced this idea in their definitions.    Judge Story says that "by baggage we are to understand such articles of *necessity* or *personal convenience* as are usually carried by passengers for their *personal use*, and not merchandise or other valuables, although carried in the trunks of passengers, which are not designed for any such use, but for other purposes, such as a sale, and the like."    Story, Bailments, § 499.    "Baggage," says Chief Justice Cockburn, in *Macrow* v. *Great Western Railway Co.*, L. R. 6 Q. B. 612, "is whatever the passenger takes with him for his *personal use or convenience*, according to the habits or wants of the particular class to which he belongs, either with reference to the immediate necessities or to the ultimate purpose of the journey."    Mr. Justice Field, in *Hannibal Railroad* v. *Swift*, 12 Wall. 274, said that the contract of the carrier to carry a passenger, as to baggage, "only implies an undertaking to transport such a limited quantity of articles as are ordinarily taken by travelers for their *personal use and convenience*, such quantity depending, of course, upon the station of the party, the object and length of his journey, and many other considerations."    Upon the same principle, the statutes of this state provide:    "Each passenger who shall pay fare  *  *  *  shall be entitled to have transported along with him, on the same train, and without additional charge, one hundred and fifty pounds of baggage, to consist of such articles as are usually carried by ordinary persons when traveling."

Accordingly it has been frequently held, as we do now,

that merchandise carried for sale, or samples of merchandise carried for the purpose of making sales of goods of the same class, do not come within 'the description of baggage. *Humphreys* v. *Perry*, 148 U. S. 627; *Alling* v. *Boston & Albany Railroad*, 126 Mass. 121; *Miss. Central Railroad Co.* v. *Kennedy*, 41 Miss. 671, 678; *Macrow* v. *Great Western Ry.*, L. R. 6 Q. B. 612; *Hawkins* v. *Hoffman*, 6 Hill, 589; *Hutchings* v. *Western & Atlantic Railroad*, 25 Ga. 61; *Texas, etc., R. Co.* v. *Capps*, 16 Am. & Eng. R. Cas. 118; *Michigan Central R. Co.* v *Carrow*, 73 Ill. 348; *Strouss* v. *Wabash, etc., Ry. Co.*, 17 Fed. Rep. 209; *Pennsylvania Co.* v. *Miller*, 35 Ohio St. 541; *Southern Kansas Ry Co.* v. *Clark*, 52 Kas. 398; *Hutchings* v. *Western, etc., R. Co.*, 71 Am. Dec. 160; Hutchinson, Carriers, §§ 679, 685; Thompson, Carriers of Passengers, 510.

It is true that it is said in *Kansas City, Fort Scott & Memphis Railroad Co.* v. *McGahey*, 63 Ark. 348: "When a passenger presents to the carrier for transportation his goods and chattels, and makes known what they are, or exposes them to view, or packs them in a way to give to any one concerned good reason to understand and know that they are not usually carried as baggage, and demands transportation of them as his luggage, and the carrier receives and carries them accordingly, he will be responsible for them as baggage, notwithstanding he was not bound to accept and transport them as such. If he wishes to avoid responsibility for them as baggage, he must refuse to receive them in that way." But the act of April 19, 1895, does not apply to goods and chattels which do not come within the description of baggage. The carrier becomes liable for them as baggage by accepting them as such, by his own acts, and not from any obligation to transport them as baggage, which the law imposes upon him. Such property he is not bound to receive except upon the payment of the rates he is allowed to charge for the transportation of the same as freight.

In this case the railroad company was not bound to receive and transport Lincoln's trunks as baggage. It was entitled to compensation for carrying them at the rate it is lawful to charge for the transportation of such property as freight. It received nothing more, and is not guilty of violating the act of April 19, 1895.

Reversed and remanded for a new trial.