LITTLE ROCK & HOT SPRINGS WESTERN RAILROAD COMPANY *v.* RECORD.

Opinion delivered January 28, 1905.

1.  CARRIER—LOSS OF BAGGAGE—CONNECTING LINES.—In the absence of an express contract to the contrary, the initial carrier is liable to a passenger for the loss of baggage if the carrier sold the passenger a through ticket and checked his baggage through to the point of destination, although the loss occurred on the line of some connecting carrier. *Kansas City, Ft. S. & M. R. Co.* v. *Washington, ante,* p. 9, followed.   (Page 129.)

2.  SAME—CONDITION ON TICKET—NOTICE.—A condition printed on the back of a through ticket over several connecting lines that the initial carrier is not responsible beyond its own line is not binding on the passenger if he accepted the ticket and baggage check without any knowledge of such condition.   (Page 129.)

3. BAGGAGE—DEFINITION.—Baggage is whatever a passenger takes with him for his personal use or convenience, according to the habits or wants of the particular class to which he belongs, either with reference to the immediate necessities or to the purposes of the journey. (Page 130.)

4. SAME—SHOTGUN.—Under proper instruction a finding that two shotguns were baggage was sustained by evidence that they were being carried by the passenger for his own use on a hunting trip. (Page 130.)

Appeal from Garland Circuit Court.

ALEXANDER M. DUFFIE, Judge.

STATEMENT BY THE COURT.

This is a suit by Record to recover of appellant for the loss of a valise and its contents, alleged to worth $645.30. Record purchased of appellant, at Hot Springs, Ark., a through coupon ticket from Hot Springs to Durant, Ind. Ter., and paid full price therefor. Appellant checked his baggage through to Durant, and it was lost after appellant had delivered it to a connecting carrier. The valise contained personal apparel and two shotguns. The guns were alleged to be worth $250. The proof tended to show that appellee was taking the guns along to hunt with. He "sometimes hunted," and expected to use his guns when an opportunity presented. A ticket which was shown to be a copy of the ticket sold to appellee was read in evidence by appellant as follows:

"Issued by the Little Rock & Hot Springs Western Railroad. One passage, of class indicated, to point on Missouri, Kansas & Texas Railway between punch marks, when officially stamped on back hereof, and presented with coupons attached. Subject to the following contract: In consideration of the reduced rate at which this ticket is sold, I, the undersigned, agree to and with the several companies over whose lines this ticket entitles me to be carried as follows, towit: 1. That in selling this ticket the Little Rock & Hot Springs Western Railroad Company acts only as agent, and is not responsible beyond its own line. * * * 8. That baggage liability is limited to wearing apparel not exceeding $100 in value. 9. That I will not hold any of the lines named in this ticket liable for damages on account of any statement not in accordance with this contract made by an employee of said lines."

Other conditions were indorsed on the back of the ticket, but it is unnecessary to set them out. At the bottom of the printed matter on the ticket is a blank space for the signature.

There was evidence on the part of the appellant tending to show that the ticket was sold at reduced rates, and evidence on behalf of appellee tending to show that he paid full price for the ticket. The ticket was not signed by appellee, and his evidence tends to show that he did not read the conditions on it; did not know what they were.

The appellant asked, among others, the following instructions:

"If you find from the evidence that the defendant sold to plaintiff a ticket to a point beyond its own line, with printed stipulations thereon limiting its liability to what occurred on its own line; and if you also find that the defendant safely delivered plaintiff's baggage to the C., O. & G. Ry., you must find for the defendant.

"You are instructed that the guns mentioned in plaintiff's complaint and sued for in this action are not baggage, and defendant is not liable for their loss.

"You are instructed that if you find from the evidence that stipulations limiting the liability of defendant were plainly printed on the ticket sold to plaintiff, he would be bound by them if he saw them, whether he signed the contract or not; and if you find that he saw the stipulations you must find for the defendant."

The court refused these and others presenting practically the same question in different form, and gave as the law of the case the following:

"1. Baggage is whatever a passenger takes with him for his personal use or convenience, according to the habits or wants of the particular class to which he belongs, either with reference to the immediate necessities or to the purposes of the journey.

"2. If you find from the evidence in this case that the defendant contracted to transport the plaintiff and his baggage from Hot Springs to Durant, and furnished him with a ticket limiting its liability only to its road, by a printed stipulation on the face of such ticket, then such a stipulation would not be availing, unless the defendant has shown either that the plaintiff signed such agreement or knew of such a stipulation.

"3.  The first question for the jury to determine is, what was the contract between the plaintiff and defendant?  Did the defendant agree to carry the plaintiff and his baggage all the way from Hot Springs, Ark., to Durant, in the Indian Territory, or did it act only as agent for the other connecting lines?  If you find that the contract was to carry plaintiff and his baggage only to some other connecting carrier, and the evidence shows that the baggage of such passenger was delivered to some other connecting line mentioned in the ticket, and was not lost on the line of the road of the L. R. & H. S. W. R. R. Co., then your verdict should be for the defendant.  But if you find that the contract between the plaintiff and the defendant was to carry the plaintiff and his baggage all the way from Hot Springs to Durant, and that the baggage was lost, your verdict should be for the plaintiff, although the evidence would show that the baggage was lost either on the defendant's road or on one of the connecting lines."

All exceptions were saved.  The verdict was for appellee for $500.

*Dodge & Johnson,* for appellant.

The court erred in not instructing the jury for the defendant.  Hutch. Car. § 149; 107 U. S. 106.  Where there are connecting lines, no company is liable unless it is shown that the loss occurred on that line.  31 Fed. 238; 31 Am. & Eng. R. Cas. 103; 18 *Id.* 339; 27 *Ib.* 267; 112 Ill. 29; 3 Am. & Eng. Enc. Law, 576; 23 Fed. 765; 16 Wall. 318; 53 N. Y. 363; 42 Ark. 465; 54 Ark. 402; 93 Mass. 295; 33 Conn. 166; 80 Ia. 92; 42 Hun, 651; 45 Pa. 208; 75 Ga. 316; 52 Ill. 81; 35 Kan. 740; 23 Md. 402; 9 Lea, 38; 29 S. W. 241.  The baggage liability was limited to wearing apparel not exceeding $100 in value.  46 Ark. 243; 50 Ark. 401; 112 U. S. 337; 137 Mass. 33; 79 Am. Dec. 49; 100 Mass. 505; 62 N. Y. 171; 4 Elliott, Railroads, § 1501; 50 Ark. 410.  The closing remarks of appellee's counsel were improper.  65 Ark. 626; 61 Ark. 137.

*James E. Hogue,* for appellee.

Having accepted fare over the connecting line, appellants were responsible for the baggage throughout the journey.  69

Ark. 256; 24 Ill. 332; 160 Ill. 648; 34 Ill. 389; 54 Ill. 88; 71 Ill. 458; 76 Ill. 520; 84 Ill. 239; 103 Ill. 293; 112 Ill. 295; 35 Kan. 740; 21 Wis. 589; 62 Ga. 347; Wait, Ac. & Def. 166. No limitations as to the contract with appellant were set up in the answer, and they cannot be relied upon. 60 Ill. 175; 35 Ark. 156; 57 Ark. 112. The burden of proof as to limitation set up rests with the defendant. 46 Ark. 236; 2 Ency. Ev. 866; 168 Pa. St. 209; 32 Ind. 333; 124 N. C. 236; 63 Ark. 344; 65 Ark. 363.

WOOD, J., (after stating the facts.)   1. This court, in the recent case of *Kansas City, F. S. & M. R. Co.* v. *Washington, ante,* p. 9, decided that, in the absence of any express contract to the contrary, the initial carrier is liable to a passenger for the loss of baggage where such carrier sold the passenger a through ticket, and checked his baggage through to the point of destination, although the loss occurred on the line of some connecting carrier.

2. Was the appellee in this case bound by the condition on the back of the ticket, towit, "that in selling this ticket the Little Rock & Hot Springs Western R. R. Co. acts only as agent, and is not responsible beyond its own line?" The court instructed the jury that if they found that the plaintiff (appellee) knew of this condition, they should find for the defendant (appellant). There was evidence to justify a finding that appellee did not know of the condition. Some courts hold that a carrier's liability cannot be limited by words on a ticket or check, or by other notice, even if brought to the knowledge of the passenger, unless he agrees to it. *Baltimore, etc., R. Co.* v. *Campbell,* 36 Ohio St. 647; *Camden, etc., R. Co.* v. *Burke,* 13 Wend. 611; 4 Ell. Railroads, § 1661. But here, in view of the evidence and the verdict, we have the case of a passenger who accepted the ticket and baggage check without any knowledge of the conditions limiting the carrier's liability to its own line. In such a case it is clear that he would not be bound by such conditions; and we are not called upon to decide, and do not decide, what would be the effect if the passenger had knowledge of such conditions printed on the ticket when he accepted

it.  See the following:  4 Ell. Railroads, § 1593; 3 Wood, Railroads, 346; 2 Fetter, Car. Pass. § 399; 6 Cyc. p. 570.

3.  As to whether or not the shotguns were baggage was submitted to the jury upon a correct instruction.  *Kansas City, P. & G. R. Co.* v. *State,* 65 Ark. 363; 4 Ell. Railroads. § § 1644 *et seq.,* 1648, and cases cited.

Finding no error in the judgment, it is affirmed.