ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

*v.* MILLER.

Opinion delivered March 4, 1912.

1.  CARRIERS—BAGGAGE—WHEN QUESTION OF LAW.—When the facts are undisputed, the question what is baggage in any given case is one of law.  (Page 39.)

2.  SAME—BAGGAGE DEFINED.—Baggage is whatever the passenger takes with him for his personal use or convenience, according to the habits or wants of the particular class to which he belongs, either with reference to the immediate necessities or to the ultimate purpose of the journey.  (Page 40.)

3.  SAME—WHAT IS NOT BAGGAGE.—Baggage does not include such articles as have no reference whatever to the journey itself, and such as are being transported by the traveller to be used after the purpose of his journey has been consummated.  (Page 40.)

4.  SAME—LIABILITY OF CARRIER FOR ARTICLES RECEIVED AS BAGGAGE.— Where a passenger presents articles to the carrier for transportation as baggage, and makes known what they are, or exposes them to view, or packs them in a way to apprise any one that they are not usually carried as baggage, and the carrier accepts them as baggage, it will be liable for their loss.  (Page 41.)

5.  SAME—LIABILITY FOR FREIGHT SHIPPED AS BAGGAGE.—Where a carrier accepted articles to be transported free as baggage when it knew or had notice that such articles were freight, it is liable for their loss as a common carrier of freight; but if it did not know and was not put upon notice that the articles were freight, it would be liable, as a gratuitous bailee, for gross or wilful negligence only.  (Page 42.)

Appeal from Nevada Circuit Court; *Jacob M. Carter*, Judge; reversed.

STATEMENT BY THE COURT.

W. L. Miller and wife, the appellee, were engaged in the hotel business at Heber.  In the month of September, 1910, they bought tickets from Heber to Little Rock.  On their tickets they checked a trunk containing the wearing apparel of the appellee and a laundry basket containing articles which are

described and values given in a list furnished by appellee, and for which this suit was brought, as follows:

| | |
|---|---:|
| Laundry basket | $ 4.00 |
| Linen sheets, pillow cases, towels, table cloths and napkins | 100.00 |
| Four silver bread trays | 6.00 |
| Two lamps | 4.00 |
| Hotel dishes | 10.00 |
| One gold locket and chain | 6.00 |
| One hotel register book (acct. unpaid) | 14.00 |
| One burnt wood box | 1.00 |
| Three sets glasses | 1.20 |
| One pair lace curtains | 5.00 |
| Three celery glasses | 1.05 |

They changed cars at Kensett, where they saw the laundry basket, and came on to Little Rock, where they surrendered the checks given by the Missouri & North Arkansas Railroad at Heber and took new checks for the laundry basket and contents and their trunk to Prescott. The laundry basket, containing the articles specified, was lost, and Miller and his wife brought a joint suit against the appellant for the alleged value of the basket and contents. During the progress of the trial the suit was dismissed as to certain articles shown to belong to W. L. Miller, and the cause proceeded on behalf of the appellee for the articles set out above. The trial resulted in a verdict and judgment in favor of appellee for the sum of $100.

*W. E. Hemingway, E. B. Kinsworthy, J. H. Stevenson* and *W. V. Tompkins,* for appellant.

1. The goods were not *baggage,* and the peremptory instruction for defendant should have been given. 81 S. W. 599; 81 S. W. 2; L. R. 6 Q. B. 612; 106 Mass. 146; 17 Ill. App. 321; 23 Fed. 765; 73 Ill. 510; 2 Am. & E. Ry. Cas. (N. S.) 1.

2. A hotel outfit is not baggage. 63 Ark. 344.

3. It was the duty of appellee to inform the agent of the contents of the basket. The agent had the right to assume that only such was offered as baggage. 60 Ark. 433. There is no liability for property not baggage, unless the carrier has notice. 90 Ark. 462; 148 U. S. 628; 12 Wal. 274.

4. The check was only *prima facie* evidence that the basket had come to the possession of appellant. This was overcome by proof. 119 Tenn. 52; 107 S. W. 680; 3 Hutch. on Car. § 1201.

*Hamby, Haynie & Hamby,* for appellee.

1. As to whether the articles were baggage or not, was properly submitted to the jury under proper instructions. L. R. 6 Q. B. 612; 88 Ark. 191; 74 N. Y. 116. For cases see 35 Vt. 604; 9 Law Case 604; 32 Up. Can. (Q. B.) 66; 66 Tex. 603; 33 Ill.12 2; 87 S. W. 52; 60 S. W. 343; 28 Pa. Sup. Ct. 107; 121 Ala. 368; 108 Ill. App. 416; 4 Ell. on Railroads, § 1647.

2. The check is evidence that the baggage was received. 39 Minn. 424; 40 N. W. 364; 74 Am. Dec. 151; 42 Am. Dec. 654; 95 S. W. 471; 117 Ill. App. 257; 53 Neb. 95.

3. As to the question of whether the agent knew that the basket contained only personal baggage was a question for the jury. 8 L. R. A. (N. S.) 490. If the carrier receives merchandise as personal baggage, knowing its true character, it will be liable for it as baggage. 91 S. W. 1018; 48 L. R. A. 115; 4 Ell. on R. R. § 1646.

WOOD, J., (after stating the facts). 1. The evidence is sufficient to show that appellant is liable if the articles, for the loss of which judgment was rendered, were baggage. Therefore, that is the only question we need consider.

Mr. Hutchinson, in his excellent work on Carriers, says: "When the facts are agreed or undisputed, the question what is baggage is one strictly of law, and must be determined by the court. What constitutes baggage in any given or supposed case is a question which depends upon principles of law upon which the courts have agreed with great unanimity, whatever discrepancies there may be in decisions; and although it is said in many of the cases to which reference has been made, that the question is one for a jury, it must be understood that this is the case only when there is uncertainty or dispute as to some fact upon which the whole question may turn." 3 Hutchinson on Carriers, § 1255.

In the case at bar the facts are undisputed.

This court in the case of *Kansas City, Ft. S. & M. Ry.*

*Co.* v. *McGahey,* 63 Ark. 344, adopted the definition of baggage as given by Lord Chief Justice Cockburn in *Macrow* v. *Great Western Railway Co.,* L. R. 5 Q. B. 612, as follows: "Baggage is whatever the passenger takes with him for his personal use or convenience, according to the habits or wants of the particular class to which he belongs, either with reference to the immediate necessities or to the ultimate purpose of the journey." Other cases where this definition has since been approved are the following: *Kansas City, P. & G. Ry. Co.* v. *State,* 65 Ark. 363; *Little Rock & H. S. W. Rd. Co.* v. *Record,* 74 Ark. 125; *Kansas City So. Ry. Co.* v. *Skinner,* 88 Ark. 189; *Chicago, R. I. & P. Ry. Co.* v. *Whitten,* 90 Ark. 462.

To warrant the transportation of articles as baggage, it must appear that they are such articles as are adapted to the traveller's personal use and convenience, "when considered with reference to the immediate necessities or to the ultimate purpose of the journey."

Obviously, baggage does not include such articles as have no reference whatever to the journey itself, and such as are being transported by the traveller to be used after the purpose of his journey has been consummated. Where a traveller, as in the instant case, is moving from one location to another for the purpose of settling at the latter location and engaging in some permanent business, he can not include as baggage such articles as are only useful and necessary for that business and articles that are being transported to be used in connection with and for the purpose of that business. Here the appellee and her husband were moving from Heber to Prescott. The purpose of their journey was the removal of themselves and their household effects from one location to the other. The purpose of the journey was ended when this removal was effected. The business that they were to engage in as hotel keepers after the journey came to an end had no reference to or connection whatever with the journey itself. Under the undisputed evidence, the journey itself ended the moment the removal was effected from Heber to Prescott.

The articles contained in the list, except the gold locket and chain, for the loss of which judgment was had, were not adapted to appellee's personal use and convenience while on

her journey at all. They were such articles as were fitted for use in her business as hotel keeper after she had become permanently located at Prescott.

The Supreme Court of Tennessee, in passing upon whether articles of a similar character were baggage, in *Yazoo & M. V. R. Co.* v. *Baldwin*, 81 S. W. 599, said: "The items are properly classified as household goods, and do not fall within the designation of baggage, it not appearing that they were intended for use upon the journey, but were being transported simply because the defendants in error were moving—that is, changing from their former home to a new home or place of abode."

The court erred in submitting to the jury as to whether the articles on the list (except the gold locket and chain) were baggage. The court should have declared as a matter of law under the uncontroverted evidence that such articles were not baggage, and that the locket and chain were articles of baggage.

2. In the case of *Kansas City, Ft. S. & M. R. Co.* v. *McGahey, supra*, Mr. Justice BATTLE, speaking for the court, said:

"When a passenger presents to the carrier for transportation his goods and chattels, and makes known what they are, or exposes them to view, or packs them in a way to give any one concerned good reason to understand and know that they are not usually carried as baggage, and demands transportation of them as his luggage, and the carrier receives and carries them accordingly, he will be responsible for them as baggage, notwithstanding he was not bound to accept and transport them as such."

But it can not be said, as a matter of law, because the articles in suit were packed in a laundry basket, that the appellant company had notice that they were such articles as were not usually carried as baggage. This method of packing would not of itself give the appellant notice of the character of the articles that the laundry basket contained. For aught that appellant knew to the contrary, such basket might have contained only articles of clothing, or such articles as would be classified in law as baggage.

The appellee testified that "the agent at Heber Springs knew we were moving from Heber to Prescott. When we

went from Prescott to Heber Springs, we shipped this same basket in the same way, and almost the same identical articles. We had other baggage shipped at the same time this was." But she does not testify that she informed the agent at Heber of what the basket contained, and, as we have stated, there was nothing in the mere manner of the packing of the basket that was calculated to advise the appellant of the kind of articles that the basket contained.

The appellee did not ask that the question of whether appellant had notice or knowledge that the articles were not baggage, and yet received them as such, be submitted to the jury. The question as to whether appellant had such notice was not fully developed and submitted. The judgment for the error indicated above is reversed and remanded for a new trial on the issue as to whether appellant accepted the articles as baggage, knowing or having notice at the time that they were not baggage.

Judgment will be rendered in favor of appellees for the value of the gold locket and chain.

### ON REHEARING.
#### Opinion delivered April 8, 1912.

Wood, J. If the appellant accepted the articles to be transported free, as baggage, when it knew or had notice that such articles were freight, it would be liable for their loss as a common carrier of freight; for, under the present statutes requiring railroad companies to provide printed schedules of tariff charges and to keep same posted, etc., and prohibiting discriminations in rates, a railroad company can not accept freight to be carried as baggage, knowing or having notice that same was freight, and escape the liability for its loss. See sections 6802, 6803, 6804 and 6813, Kirby's Digest. A contract of that kind is void, and the parties to it will be held to the mutual duties and obligations of shipper and carrier imposed by the statutes. The railroad company would be compelled to charge, and the shipper to pay, according to the regular schedule of tariff charges fixed as the law requires. Sections of the Digest *supra*.

The purpose of our law in requiring the schedule of rates and prohibiting discriminations is to guaranty to all shippers

for the same service and under the same conditions the same tariff of charges. As was said by Chief Justice White, in speaking of the Interstate Commerce Act: "The great purpose of the act, whilst seeking to prevent unjust and unreasonable rates, was to secure equality of rates as to all, and to destroy favoritism, this last being accomplished by requiring publication of tariffs, and by prohibiting secret departures from such tariffs and prohibiting rebates, preferences and all other forms of undue discrimination." *New York & N. H. Ry. Co.* v. *Interstate Commerce Com.*, 200 U. S. 351-391; *Armour Packing Co.* v. *United States,* 209 U. S. 56-72; *Louisville & N. Ry. Co.* v. *Mottley,* 219 U. S. 467, 476 to 478.

This court, in *Myar* v. *St. Louis S. W. Ry. Co.*, 71 Ark. 552, held that a station agent of a railway company "could not lawfully discriminate in favor of one shipper by charging him for transportation at lower rate than was allowed to others, and such did not come within the apparent scope of his authority."

In the recent case of *St. Louis, I. M. & S. Ry. Co.* v. *Wolf,* 100 Ark. 22, we held, quoting syllabus: "Where a railway agent, by mistake, inserted in a bill of lading for an interstate shipment a rate less than the published rate, the railroad company is not bound thereby, and it is immaterial in such case that the shipper and the agent were both ignorant of the published rate." See *Kansas City S. Ry. Co.* v. *Tonn,* 102 Ark. 20.

It follows that, if the articles in controversy had not been lost, appellant could have collected from appellee the regular schedule freight tariff on such articles. If appellant knew or had notice that such articles were freight, as we have stated, it would be liable for their loss, although it shipped them as baggage. But, on the other hand, if appellant did not know, and was not put on notice by appellee, that such articles were freight, and appellant shipped them as baggage, then appellant would not be liable for their loss unless through gross or wilful negligence; because in such case appellant, at most, could sustain no higher relation to appellee than that of a gratuitous bailee. There would be no contract of carriage whatever between appellant and appellee. Appellant would be a mere mandatary without pay of the goods for the exclusive benefit

of the bailor; and the loss, except for gross or wilful negligence, would have to be borne by appellee.   5 Cyc. 186.

The motion for a rehearing is denied.

HART, J., concurs for the reasons given in the original opinion.