St. Louis, Iron Mountain & Southern Railway Company

*v*. Faulkner.*

Opinion delivered February 16, 1914.

1. Carriers—relation of carrier and shipper—when complete.—The relation of carrier and shipper is complete when the shipper pays his fare as a passenger and offers his baggage for shipment, and the same is accepted and received by the carrier for that purpose. (Page 432.)

2. Carrier—baggage—excess in value—rates.—A passenger who purchases a ticket and delivers his baggage to the carrier for transportation, is liable to the carrier for the payment of the tariff rates in excess of the value of his baggage over the value allowed by the rules of the carrier and approved by the Interstate Commerce Commission. (Page 432.)

3. Carriers—tariff rates—ignorance of shipper.—Ignorance on the part of a shipper of tariff rates adopted by a railroad and filed with and approved by the Interstate Commerce Commission, will not relieve the shipper of liability for such rates. (Page 433.)

4. Interstate commerce—interstate commerce act.—The interstate commerce act, with its amendments, controls as to the liability of carriers by railroad in interstate shipments, regardless of State laws and policies on the subject. (Page 433.)

5. Carriers—loss of baggage—value—contract limiting liability.— Where appellee delivered baggage to appellant for shipment of value in excess of the amount allowed by the railroad without payment therefor, in the absence of a contract between the parties

*After this opinion was handed down, upon petition for a rehearing, the case was reversed and remanded in accordance with an opinion rendered by the United States Supreme Court in the case of *Boston & Maine Ry. Co.* v. *Katherine Hooker*, 233 U. S. 97.

they are held to the mutual duties and obligations of shipper and carrier imposed by law, and the shipper is liable for the payment of the tariff rates according to the published schedule, and the carrier is liable for the value of the baggage lost in shipment. (Page 434.)

Appeal from Phillips Circuit Court; *Edwin Bevens,* Special Judge; affirmed.

### STATEMENT BY THE COURT.

The appellees sued appellant, alleging that they were passengers of appellant and connecting carriers, from Helena, Arkansas, to Dallas, Texas; that they delivered to appellant their trunk to be transported as baggage between those points, and that appellant failed to deliver the same to appellees. They alleged that the value of the trunk and contents was $425.40.

The appellant answered and alleged that it was liable only for the sum of $100 under rule 12 of its local and joint tariff.

The cause was heard upon an agreed statement of facts, substantially as follows: That the appellees purchased their tickets at the regular published tariff rate; that the trunk was lost as alleged. Its contents were valued at $425.40; that appellees made no declaration as to the value of the baggage; that appellant, at the time the trunk was checked, had no knowledge of its contents or its value; that at said time appellant had in force a rule or rate for carrying baggage designated as "Local and Joint Tariff No. 12," which was on file with the Interstate Commerce Commission, and in the station of appellant at Helena, Arkansas, subject to appellee's inspection; that appellees had no knowledge of rule No. 12 of the tariff rates, and that appellant did not inform them of same. Rule No. 12 of the tariff rates provides, that unless a greater sum is declared by the passenger and charges paid for increased value, the baggage shall be deemed and agreed to be not in excess of $100 in value. The defendant moved the court to declare the law to be that under the law and agreed statement of facts, the plaintiffs can not recover in excess of $100, which the

court refused, and to which defendant duly excepted, and appealed from the judgment.

*E. B. Kinsworthy, P. R. Andrews* and *T. D. Craw-ford,* for appellant.

It is well settled that the interstate commerce act, with the amendments thereto, has entire control of the subject of liability of carriers by railroads on account of interstate shipments, and has superseded all State laws on that subject. 227 U. S. 639; *Id.* 657; 226 U. S. 491; 157 S. W. 837; 201 Fed. 727; 108 Ark. 115.

If the rule adopted by the appellant is reasonable, it is binding upon both appellant and passengers who deal with it. 133 Pac. 42; 112 U. S. 331; 222 U. S. 509; 204 U. S. 425.

*Moore, Vineyard & Satterfield,* for appellees.

In order for appellant to escape liability and before it could rely upon its rule 12, which it pleads as a defense, it would have been required to have issued to appellees a receipt or bill of lading, showing the rate, and embracing the alleged contract upon which its defense is based. 206 U. S. 491.

WOOD, J., (after stating the facts). The only question presented by this appeal is, did the failure of the appellees to declare the value of their baggage to be greater than the sum of $100 when they offered and appellant accepted same for shipment, and their failure to pay the regular rates for such baggage when above the value of $100, according to the schedule of appellant's tariff rates as provided under rule 12, subdivision C thereof, relieve the appellant from liability for the loss of such baggage, in excess of the value of $100.

The relation of carrier and shipper was complete when appellees paid their fares as passengers and offered their baggage for shipment, and same was received and accepted by the appellant for that purpose. Appellees then became liable for the payment of the tariff rates in excess of the value of $100, according to the schedule of

such tariff contained in rule No. 12 filed with and approved by the Interstate Commerce Commission.

Ignorance on the part of appellees of the tariff rates thus adopted did not relieve them from liability for such rates. In *St. Louis, I. M. & S. Ry. Co.* v. *Wolf,* 100 Ark. 22, we said: "It is also immaterial as to whether the shipper was ignorant of what the published rate was; that the shipper and the agent making the shipment were ignorant of the published rate, or made a mistake as to the rate could make no difference. The shipper, under the authorities, must pay according to the published rates as fixed by the Interstate Commerce Commission." *St. Louis, I. M. & S. Ry. Co.* v. *Miller,* 103 Ark. 37; *Kansas City So. Ry. Co.* v. *Tonn,* 102 Ark. 20. See, also, *Kansas City So. Ry. Co.* v. *Carl,* 227 U. S. 639, decided since *Ry.* v. *Wolf, supra.*

It is now the established rule that the interstate commerce act, with its amendments, controls as to the liability of carriers by railroad in interstate shipments, regardless of State laws and policies on the subject. *Kansas City So. Ry. Co.* v. *Carl, supra; Adams Express Co.* v. *Croninger,* 226 U. S. 491; *Mo., Kansas & Texas Ry. Co.* v. *Harriman,* 227 U. S. 657.

In the case of *United States Express Co.* v. *Cohn,* 108 Ark. 115, we recognized the controlling authority of the interstate commerce act and its amendments over interstate shipments as that act had been construed by the Supreme Court of the United States in several recent cases. *Kansas City So. Ry. Co.* v. *Carl, supra; Wells Fargo & Co. Express* v. *Neiman-Marcus Company,* 227 U. S. 469; *Chicago, B. & Q. Ry. Co.* v. *Miller,* 226 U. S. 513; *Adams Express Co.* v. *Croninger, supra; Chicago, St. P., M. & O. Ry. Co.* v. *Latta,* 226 U. S. 519.

The above cases hold that "an interstate carrier may, by a fair and reasonable agreement, limit the amount recoverable by the shipper to an agreed value named for the purpose of obtaining the lower of two or more rates in proportion to the amount of the risk;"

that such a contract between the carrier and the shipper is not forbidden by the Carmack amendment.

Appellant, relying upon the doctrine of these cases, contends that appellees can not recover for a greater sum than $100. But the above cases are readily distinguished from the case at bar under the agreed statement of facts. Here there was no contract between appellees and appellant for a limited liability. There was no receipt or bill of lading issued by the appellant. The appellees, for aught the agreed statement shows to the contrary, had no opportunity to make choice of the lower of two or more rates. The carrier had no knowledge of the contents of the trunk and its value in excess of the sum of $100, and the shipper had no actual knowledge of appellant's rule No. 12, covering baggage rules and regulations, or of a schedule of rates for valuation in excess of $100.

In the absence of a contract between the parties they were held, as was said by us in *St. Louis, I. M. & S. Ry. Co.* v. *Miller,* 103 Ark. 37, to the mutual duties and obligations of shipper and carrier imposed by law. The shipper, on the one hand, could not escape liability for the payment of the tariff rates according to the published schedule, nor could the carrier, on the other hand, escape liability for the value of the baggage lost in shipment.

In the case of *Adams Express Co.* v. *Croninger, supra,* and *Kansas City So. Ry. Co.* v. *Carl, supra,* it was held that where the shipper had entered into a contract agreeing to limit the liability of the carrier to a certain amount, in consideration of receiving the lower of two or more tariff rates, the shipper was estopped, upon plain principles of justice, from recovering any value greater than that which he had agreed upon, because he had stated a certain valuation for the purpose of getting a reduction in rate, and then had undertaken to recover a larger valuation after the articles were lost. · But it is shown by the agreed statement of facts in this record that the shippers had no actual knowledge of the schedule of tariff rates and no actual knowledge of the rule

requiring them to declare the value of their shipment in excess of $100 upon which the rates were based, and it can not be said that they are estopped by their conduct or by contract from claiming the value of the baggage lost which the appellant, having received as carrier, was bound to transport. The shippers did not, by any conduct of theirs, deceive or mislead the carrier in any way into receiving the baggage for shipment. The agreed statement shows that the trunk was baggage and was received to be transported as baggage. Appellees did not perpetrate any fraud upon appellant; and they certainly did not forfeit their rights as shippers because they failed to declare, under the rule fixing the schedule of tariff rates, of which they had no actual knowledge. A mistake through ignorance on their part could not relieve appellant of the liability which the law imposes on it as a carrier for the loss of the baggage.

The court therefore did not err in refusing to declare the law to be as requested by appellant.

The judgment is correct, and it is affirmed.