MISSOURI PACIFIC RAILROAD COMPANY *v.* PRUDE.

Opinion delivered January 22, 1923.

1. CARRIERS—LIABILITY IN SELLING TICKET OVER CONNECTING ROAD.— A railroad company, selling a passenger a ticket for through transportation to destination over its own and connecting roads, enters into a contract rendering itself responsible for the entire journey.

2. CARRIERS—LIMITATION OF LIABILITY.—A passenger, who has no knowledge of a condition printed on her ticket, which she did not sign, limiting the railroad's liability for safe carriage to its own lines, is not precluded from recovering for an assault and battery committed by the auditor of a connecting road.

3. CARRIERS—ASSAULT ON PASSENGER—DAMAGES.—In an action for breach of a contract for the safe carriage of a passenger, compensatory damages only can be recovered for an assault and battery on a passenger.

Appeal from St. Francis Circuit Court; *R. J. Williams*, special judge; reversed in part.

*Thos. B. Pryor* and *Daggett & Daggett*, for appellant.

The sale by a carrier of a coupon ticket for through transportation over its own and connecting lines, in the absence of a specific contract, does not render the initial carrier liable for injury sustained by a passenger on connecting lines. 10 C. J. 818; 6 Cyc. 571; 5 R. C. L. Carriers, § 779. The selling carrier may lawfully contract with the passenger limiting liability to its own line. 136 S. W. 793; 20 Ann. Cas. 311; 88 S. W. 35; 112 Ill. 295; 114 Mass. 48. In the absence of statute or special contract, each connecting carrier is bound only to carry safely and be liable for injury, over its own line. 42 Sup. Ct. Rep. 332.

*S. S. Hargraves* and *Mann & Mann,* for appellee.

In the absence of an express contract, the initial carrier who sells a passenger a through ticket and checks his baggage to its destination is liable for the loss of such baggage by a connecting carrier. 74 Ark. 9; 74 Ark. 125. The same rule should apply to the passenger. 10 C. J. 818; 5 R. C. L. "Carriers," § 779.

HUMPHREYS, J. Appellee instituted this suit against appellant in the St. Francis Circuit Court to recover $2,400 compensatory, and $500 punitive, damages, on account of an assault and battery committed upon her by the auditor of the International & Great Northern Railroad Company, a connecting line of appellee in the transportation of passengers. It was alleged that on the 24th day of October, 1920, appellee purchased a ticket from appellant good for passage from Forrest City, Ark., to Houston, Texas, and return; that, before retiring on the night of said date, she delivered the ticket to the auditor, who receipted her for it; that on the next day she gave the receipt to the auditor, expecting him to return her ticket, which he failed to do; that when near Houston she attempted to procure the return portion of her ticket, and was assaulted by the auditor; that by reason of the assault and battery she suffered both physical pain and mental anguish.

Appellant filed an answer admitting the purchase of the ticket, but denying the assault and battery and any pain and anguish resulting therefrom.

By way of further defense, appellant alleged that the ticket covered its own and two independent connecting lines; that the ticket was good for transportation over its own line from Forrest City, via Wynne, Arkansas, to Texarkana, Arkansas; over the Texas Pacific Railroad Company from Texarkana, Arkansas, to Longview, Texas; and over the International & Great Northern Company from Longview to Houston, Texas; that each of the three lines or companies are independent corporations; that the ticket contained the following agreement:

"In selling this ticket and checking baggage hereon, the selling carrier acts only as agent, and is not responsible beyond its own lines"; that if any assault and battery was committed upon appellee it was committed by the auditor of the International & Great Northern Railroad Company, for the acts of whom appellant was not liable.

The cause was submitted to the jury upon the pleadings, testimony, and instructions of the court, which resulted in a verdict and judgment against appellant for $1,600 compensatory, and $500 punitive, damages, from which is this appeal.

The facts are undisputed, and, briefly stated, are as follows: Appellant, the initial carrier, sold appellee a round trip ticket from Forrest City, Arkansas, to Houston, Texas, at a reduced rate, to the Confederate Reunion. The ticket covered three independent lines of railroad, and contained six coupons, three for the going trip, and three for the return trip. A paster contract was attached to the ticket which contained the following stipulation: "In selling this ticket and checking baggage hereon, the selling carrier acts only as agent, and is not responsible beyond its own lines." The ticket was purchased over the telephone. When appellee reached the depot she paid for the ticket, which was handed to her in an envelope. She did not sign nor inspect the ticket. She proceeded to Wynne, where she took the Sunshine Special and continued her journey. Upon retiring for the night the auditor issued her a receipt and took her ticket. The next day the auditor took up the receipt, assuring her that her ticket was all right. Just before reaching Houston, appellee asked the auditor for her ticket, and was informed that he had given it to her and that she must have lost it. She denied that he had given it to her. He looked through his papers, and said he did not have the ticket and could do nothing about it. After further controversy she picked up some of the auditor's papers and told him she would keep them until he returned her ticket. The

auditor demanded his papers, and, upon her refusal to return them, called her a robber, caught her left arm twice very firmly, and shook her, then stepped back and put his hand in his hip pocket as if to draw a pistol. He then left and said he would get an officer. As a result, appellee became indignant, felt outraged, and went to pieces. She was unnerved, and still suffers from the effects of the assault.

The cause was sent to the jury upon the theory that the assault and battery constituted a breach of contract on the part of the initial carrier for the safe transportation of the appellee from Forrest City, Arkansas, to Houston, Texas, and return.

Appellant contends that the court erred in thus declaring the law. The instruction given by the trial court followed the English doctrine as announced in the text of Ruling Case Law, vol. 5, in the first two sentences of section 779, which is as follows: "The English courts seem to regard the sale of a passenger ticket by a railroad company over its own and connecting roads as evidence of a contract for through transportation to the point of destination, and hold that the company making the sale enters into a contract which renders itself responsible for the entire journey. In the United States the decisions on this point are not entirely in harmony, some of them favoring the English rule, and holding that the initial carrier is responsible for the wrongful acts and omissions of the connecting carriers, in the absence of a valid agreement between the initial carrier and the passenger limiting the liability of the latter to its own line."

Several of the States have adopted the English rule because of the reasoning in support thereof, but the great majority of the American courts hold to a contrary rule, as announced in the same section of R. C. L., which is to the effect that "the mere issuance and sale by a railroad company of the ordinary coupon ticket, good over its own and connecting lines, does not import an un-

dertaking on the part of such initial carrier to become responsible for the safe carriage of a passenger beyond its own line. The first carrier in such a case is regarded as the agent of the succeeding carriers, and the coupons are considered as separate tickets, binding the successive carriers in practically the same manner as though issued and sold (by themselves.''

This court deliberately adopted the English doctrine as being the sounder in reason and applied it to a shipment of baggage. *K. C., Ft. Scott & Memphis Rd. Co.* v. *Washington,* 74 Ark. 9; *L. R. & H. S. West. Ry Co.* v. *Record,* 74 Ark. 125. We cannot agree with the suggestion of appellant that the intention of the court was to adopt the rule in part only. The rule relates to the sale of tickets for carrying passengers, and the checking of baggage is a mere incident to travel. In applying the rule to the carriage of baggage the purpose was to adopt the rule in its entirety.

Appellant contends, however, that its liability was limited for the safe carriage of appellee over its own line only, by an express provision in the contract to that effect. According to the rule announced in the case of *Little Rock & Hot Springs Western Railway Co.* v. *Record, supra,* a passenger is not bound by conditions printed on the ticket limiting the liability of the carrier, of which he was not cognizant. Appellee did not sign the ticket, and the testimony tends to show she had no knowledge of the liability limitation in the ticket.

Lastly, appellant contends that the court erred in refusing to instruct the jury against the return of a verdict for punitive damages. The suit was based upon the violation of the contract for the safe transportation of appellee. Compensatory damages only can be recovered for a breach of contract. It was error to allow punitive damages in any sum. The jury returned separate verdicts for compensatory and punitive damages. The separate verdict of $500 for punitive damages will therefore be reversed and disallowed. The judgment in other respects will be affirmed.